## CIRCUIT COURT OF LOUDOUN COUNTY

Neil Rackham
and Joan Costich

v.

Vanguard Limited Partnership et al.

September 27, 1994

Case No. (Chancery) 12673

BY JUDGE THOMAS D. HORNE

Neil Rackham and Joan Costich own real estate in Loudoun County, Virginia. It adjoins a tract which was subdivided into fifty-five lots. Among those having an interest in the subdivided tract is the Vanguard Limited Partnership. Mr. Rackham and Ms. Costich complain that the adjacent property was subdivided contrary to law. Accordingly, they urge the Court to direct that the Board of Supervisors reverse the decision of the Planning Director to approve the record plat. For the reasons stated herein, the Court will deny the relief sought, grant summary judgment to the Defendants, and dismiss the cause.

The property owned by Rackham and Costich is bisected by State Route 694. This road is a narrow, unimproved prescriptive easement approximately ten feet in width. East of the Rackham property and on the south side of State Route 694 lies the Vanguard subdivision. Vehicles accessing the subdivision from the nearest hard surfaced road would utilize Route 694 across the property of the Complainants.

In 1988, Vanguard sought the permission of the County of Loudoun to subdivide the tract into fifty-five lots. The application was properly filed with the Director of Planning, Zoning and Community Development. As part of the application, Vanguard filed a proposal as to how future improvements to Route 694 might be completed if and when the decision was made to make such improvements.

After the preparation of a staff report, the preliminary subdivision plan was reviewed by the Planning Commission. Although the preliminary plan was rejected by the Commission, a record plat was prepared, submitted to, and approved by the Director.

Pursuant to the county subdivision ordinance, Mr. Rackham and Ms. Costich sought review by the Board of Supervisors of the Director's decision. The Board subsequently approved of the actions of the Director.

In their papers and pleadings, the Complainants have crafted an alluring argument in support of injunctive relief. With the comprehensive plan, commission permit review process, and favorable decision of the Planning Commission as legal and factual support for their position, they suggest that subdivision development of the tract was properly denied on substantive grounds as opposed to technical requirements commonly found in conditional approvals. They further suggest that later review and action by the Director was unauthorized and that the Board of Supervisors failed to properly address the substantive issues raised by the Commission's denial of the preliminary subdivision plan.

Complainants assert that the understanding reached between the developer and the County to privately fund improvements to State Route 694 was invalid as an improper exercise of the express, or necessarily implied, powers of the Board, and would constitute a public taking for a private purpose.

When the record is examined in detail, the arguments of the Complainants reflect a false premise, identified by the Planning Director in the review process, and which must govern the ultimate result in this case. That premise is embodied in the Planning Commission's decision to consider the comprehensive plan as a basis for denial of the subdivision. A corollary to that premise is that the Commission could, as part of the subdivision process, consider their review of improvements to State Route 694, other than for the purposes set forth in § 15.1-456, Code of Virginia, or the County Ordinance. It is the changes to the features shown on the comprehensive plan and the coordination of such changes with the proposed subdivision which permit consideration of the comprehensive plan. The comprehensive plan may not as a basis for denial of a subdivision which is otherwise in conformity with duly adopted standards, ordinances, and statutes.

In their challenge to subdivision approval, the Complainants invoke a limited construction of the subdivision review process. When before him for review, the Director is charged with testing the record plat against the

requirements of the Facilities Standards Manual and all applicable laws and ordinances. His is a ministerial function. He may either approve or disapprove the record plat after action by the Commission on the preliminary plan. Where a preliminary plan has been favorably acted upon by the Commission, he must, in addition, determine whether the record plat conforms to the plan.

It is clear that in the subdivision review process, neither the Planning Commission nor the Director may consider the need for future road improvements across the Complainants' property as a relevant consideration to preliminary subdivision plan approval. The fact that a voluntary contribution to right of way acquisition or other improvement to the country lane may have been recognized by the Director and accepted by the County does not affect the propriety of the action of the Director or of the Board.

Counsel for the Complainants have crafted an interesting argument which seeks to circumvent both the limitation on the capacity of local government through the subdivision process to control growth and the ability of local government to explore new and creative means of funding public improvements occasioned by the development process. See, *Hylton v. Prince William County*, 220 Va. 435 (1979). As the Court noted in *Hylton*:

> the authority granted . . . to localities to coordinate streets within and contiguous to a subdivision with other existing or planned streets does not imply authority to charge a private landowner for the expense of reconstructing public highways . . . . Determination of the appropriate method or methods of funding highway projects is a policy decision affecting all areas of the State a decision that is particularly within the exclusive province of the General Assembly. *Id.* at 441.

The Planning Commission predicated its denial on its right to review road improvements pursuant to the provisions of § 15.1-456, Code of Virginia. Thus, it was their finding that such improvements to State Route 694 as shown on the preliminary subdivision plan, and as might be required by traffic to be generated by the proposed subdivision, were incompatible with the comprehensive plan. This finding, they determined, was sufficient to deny approval of the preliminary subdivision plan.

Among those features shown on the comprehensive plan and subject to review by the local commission is the widening and enlargement of

streets. § 15.1-456(c), Code of Virginia, as amended. However, where such streets are shown on the plat of a subdivision, and are identified *within*, but not the entire subject of the subdivision, it may, under certain circumstances, be deemed a feature already shown on the master plan and excepted from the approval process under § 15.1-456. In the event the Commission fails to approve such changes, an appeal from such action lies to the Board of Supervisors. On appeal, the Board may overrule the Commission. § 15.1-456(b), Code of Virginia, as amended. Any street widening across the Complainants' property could not be described as "within" the Vanguard subdivision.

In the instant case a subdivision application and preliminary plan were filed and referred to the Director of Planning, Zoning, and Community Development. In turn, the Director distributed copies of the plan for comments to those agencies which he deemed necessary to a proper consideration of the plan. § 1243.06 Loudoun County Land Subdivision and Development Ordinance. Subsequent to receiving such comments, the Director caused the preparation of a staff report which was submitted for review by the Planning Commission in conjunction with their consideration of the preliminary plan.

The Commission was charged with the responsibility of reviewing the plan to determine its conformity with the Subdivision Ordinance, Facilities Standards Manual, Zoning Ordinance, and all other County Ordinances. § 1243.07 Loudoun County Land Subdivision and Development Ordinance. After reviewing the preliminary plan, the Commission may act on the preliminary subdivision plan by approving, conditionally approving, or disapproving the plan. Any such action must be in writing. Where the plan is disapproved, the Commission is required to state its reasons for disapproval. In addition, such written disapproval should report as to those modifications and corrections to the plan which would permit approval. *Id.*

Subsequent to action on the preliminary plan by the Commission, the applicant must submit the record plat to the Director. § 1243.11 Loudoun County Land Subdivision and Development Ordinance. The Director must then determine if the record plat and other documents prepared in conjunction with the subdivision application comply with the applicable rules and regulations. Once the Director makes such a determination that the record plat and related documents are "in order" the record plat is deemed to have been officially accepted. Within sixty days of acceptance of the record plat, the Director is required to approve the plat provided that:

(a) The record plat is in accordance with the approved preliminary plan and the requirements and provisions of [the] Ordinance and all other applicable County ordinances and laws.

(b) A statement is signed by the Director of Technical Services that all construction plans and profiles are designed in accordance with the Facilities Standards Manual. § 1243(3) Loudoun County Land Subdivision and Development Ordinance.

In the event the conditions specified in the ordinance are not met, the Ordinance further provides that:

the Director shall not approve such record plats. The reason for such disapproval shall be stated, in writing, within five (5) working days of the date of such disapproval, and shall relate in general terms such modifications or corrections as will permit approval of the plats. *Id.*

An appeal from the approval or disapproval of the record plat is provided both to the subdivider as well as adjacent property owner. §§ 1242.05, 1243.11, Loudoun County Land Subdivision and Development Ordinance. Such an appeal from a final decision concerning a subdivision record plat may be made either to the Circuit Court or to the Board of Supervisors. § 1242.03 Loudoun County Land Subdivision and Development Ordinance. On appeal to the Board, the Board may affirm, modify, or reverse the decision of the Director. In the event that the Board disapproves the record plat, it is required to specify the reasons for such disapproval. § 1242.05, Loudoun County Land Subdivision and Development Ordinance. A subdivider aggrieved by the disapproval of the record plat may petition the Circuit Court for relief. § 15.1-475, Code of Virginia, as amended.

In accordance with the subdivision ordinance, the application of Vanguard was referred to the Planning Commission for its review. Improvements to the State Route 694 were shown on the preliminary plan. Although the staff report recommended approval of the subdivision with conditions, the preliminary subdivision plan was denied by the Planning Commission. The Commission based its denial on the inadequacy of the existing country lane to handle the increase in traffic generated by the subdivision, as well as the incompatibility of necessary road improvements with the recommended development of the area in accordance with the comprehensive plan.

It is clear that the Director was acutely aware of both the limitations on subdivision review and of his role in the review process. Thus, he indicated his approval of the voluntary contribution of the applicant towards future road improvements and rejected the comprehensive plan as the key to the survival of the proposed subdivision plan.

The action of the Director in signing the record plat was then properly appealed to the Board of Supervisors in accordance with the County Subdivision Ordinance. After a hearing, the Board of Supervisors, on April 5, 1990, voted to affirm the decision of the Planning Director as to the record plat with a modification of a drainage easement. In affirming the decision of the Planning Director, the Board exercised the power given to it by statute and County ordinance to independently approve the record plat for the subdivision.

Thus, further consideration of the substantive issues raised by the Commission were either irrelevant to the Board's review of the Director's decision to approve the record plat, dealt with directly in the subdivision review process, or subject to future commission permit review. In approving the actions of the Director they addressed those technical issues reflected in the record plat.

The County accepted the commitment of the subdivider to *voluntarily* contribute towards off-site road improvements to Route 694. This would include a cash contribution which would go toward the acquisition of Complainants' property, when, and if, condemnation proceedings might be commenced. In the event of future condemnation, the issue of the purpose of any such future taking may be raised.

The Board exercised the power granted to it by the General Assembly to approve the record plat by its affirmation of the decision of the Director of Planning. Their adoption of the findings of the Director as their own demonstrate that they fully considered both the substantive and technical issues to be addressed in the review of Vanguard's application. In so doing, it acted neither arbitrarily nor capriciously but in conformity with the provisions of the applicable subdivision ordinances. Its actions should be affirmed. Summary judgment will be granted to the Defendants, and this action dismissed.